IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Greg Acosta, | ) | No. CV 1-08-1238-GMS |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| S. Suryadevara, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion for Summary Judgment, (Doc. 40). The motion was filed on May 5, 2010, along with notices of the motion and certificates of service. As of the date of this Notice, Plaintiff has not filed a Response.

**NOTICE--WARNING TO PLAINTIFF**
*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*[1]

The Defendant's Motion for Summary Judgment seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case without a trial.

The Court is mindful that Plaintiff is proceeding *pro se* and is incarcerated. But, *pro se* litigants are nonetheless bound by the same rules of procedure that govern other litigants. As the Court explained to you in its June 21, 2010 Order, if you do not respond to Defendant's Motion for Summary Judgment, the Court may, in its discretion, enter judgment

---

[1] *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*).

1 dismissing the action with prejudice. You must timely respond to the Defendant's motion.

2 Rule 56 tells you what you must do in order to oppose a motion for summary
3 judgment. Generally, the Court must grant summary judgment if there is no real dispute about
4 any fact that would affect the result of your case. It is up to you to show that a reasonable
5 person could find in your favor on the issues raised in this case. You cannot simply rely on
6 what your complaint says. Instead, you must set out specific facts that contradict the facts
7 shown in the Defendant's declarations and documents and show that there is a dispute as to
8 a material fact that requires the case to go to trial, as provided in Rule 56(e).

9 You may dispute the facts presented by the Defendant in several ways:

(1)  You may rely upon **statements made under the penalty of perjury** in the complaint if the complaint shows that you have personal knowledge of the matters stated and if you direct the court to the specific parts of the complaint upon which you rely;

(2) You may also serve and file affidavits or declarations[2] setting forth the facts which you believe prove your claim (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated);

(3)  You may also rely upon written records but must prove that the records are what you claim they are[3];

(4) You may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.

In addition, Rule 260(b) of the Local Rules of Civil Procedure requires you to respond to the Defendant's "Separate Statement of Undisputed Facts." Specifically, you must respond to each of Defendant's 34 paragraphs of facts. For each of these facts, you must state whether

---

[2]An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts as would be admissible in evidence.

[3] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party.  Rule 56(e).

1  you admit those facts – that is agree those facts are correctly stated – or deny the facts,
2  "including with each denial a citation to the particular portions of any pleading, affidavit,
3  deposition, interrogatory answer, admission, or other document relied upon in support of that
4  denial." (Rule 260(b)). In addition, you may also provide a short "Statement of Disputed
5  Facts," with citation to sources contained in the record, listing all additional material facts
6  as to which there is a genuine dispute precluding summary judgment. You are responsible
7  for filing "all evidentiary documents cited" in the response to Defendant's Separate
8  Statement of Undisputed Facts and your Statement of Disputed Facts, if you choose to file
9  such a document.

10  If you do not contradict Defendant's motion with affidavits, declarations, or other
11  evidence, Defendant's evidence will be taken as truth, and the Court may enter final judgment
12  without a full trial. *See* Rule 56(e).

13  **IT IS ORDERED** that Plaintiff must file a response to Defendant's Motion for
14  Summary Judgment no later than **30 days** from the date of this Order.

15  **IT IS FURTHER ORDERED** that Defendant may file a reply **within 15 days** after
16  service of Plaintiff's response.

17  **IT IS FURTHER ORDERED** that the Motion for Summary Judgment will be
18  deemed ready for decision without oral argument on the day following the date set for filing
19  a reply unless otherwise ordered by the Court.

20  DATED this 7th day of October, 2010.

_____
G. Murray Snow
United States District Judge